## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ROBERT W. JOHNSON,**

      **Plaintiff,**

**v.**                                                       **Case No. 25-CV-2147-JAR-TJJ**

**NIMSY GARCIA,**

      **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Robert W. Johnson, proceeding *pro se,* filed this action against Nimsy Garcia alleging discrimination, civil rights violations, due process violations, breach of contract, and mental and physical anguish.[1] This matter comes before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) (ECF No. 2).

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor."[2] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.[3]

---

[1] Complaint at 3–4, ECF No. 1.

[2] 28 U.S.C. § 1915(a)(1).

[3] *Lister v. Dept. of Treas.*, 408 F.3d 1309, 1313 (10th Cir. 2005) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004)).

Based on the information contained in his application, Plaintiff has shown a financial inability to pay the required filing fee. Plaintiff currently is not employed, and he claims $0 in income.[4] Because Plaintiff claims he receives no income, the Court finds Plaintiff has insufficient financial resources to pay the filing fee.

However, when a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[5] Because Plaintiff proceeds pro se, his pleadings are liberally construed.[6] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[7]

---

[4] Application to Proceed without Prepaying Fees or Cost, ECF No. 2.

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Id.*

Accepting the allegations of the complaint as true and construing them in the light most favorable to Plaintiff, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. Here, Plaintiff alleges conclusorily: "On 9/25/2024 Nimsy Garcia discriminated against Robert W Johnson and denied Robert W Johnson his due process rights and rights to file documents for dismissals due to Robert W Johnson's race, age, sex, religion, retaliation, creed, education, work history disabilities."[8] Plaintiff is seeking $200,000,000.00 for discrimination and $600,000,000.00 for breach of contract.[9]

Even construing his Complaint liberally, the undersigned concludes there is an insufficient factual basis in the Complaint to raise a right to relief above the speculative level. Indeed, Plaintiff alleges legal claims without asserting any facts to support the claims. For example, Plaintiff alleges no contract as the basis for his $600,000,000.00 breach of contract claim. By failing to adequately plead, Plaintiff has failed to state a claim upon which relief may be granted as to his claims against Nimsy Garcia. Accordingly, the undersigned U.S. Magistrate Judge recommends that Judge Robinson **DISMISS** this action for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If Plaintiff does not timely file his objections, no court will allow appellate review.

---

[8] Complaint at 4, ECF No. 1.

[9] Complaint at 5, ECF No. 1.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 2) is granted, but the Court withholds service of process pending Judge Robinson's § 1915 review of Plaintiff's Complaint.

A copy of this report and recommendation shall be mailed to plaintiff.

IT IS SO ORDERED.

Dated this 25th day of March, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge